IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SONIA I. TORRES,

    Plaintiff,

    v.    CIVIL NO.: 19-1171 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

On February 7, 2020, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 26. On May 1, 2020, counsel Pedro G. Cruz ("Cruz") filed a motion for attorney's fees for the sum of $1,539.38 pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 27. This motion was granted on May 14, 2020. ECF No. 29.

On November 20, 2020 Cruz filed a motion for extension of time until thirty (30) days after receipt of the "close out letter". ECF No. 30. This motion was denied. ECF No. 31. A closeout letter is not the focal point that determines when a petition for attorney's fees can finally be submitted. I have held that "a petition for attorney's fees under Section 406(b) must be filed within fourteen (14) days of counsel receiving notice of the benefits award" and that "Federal Rule of Civil Procedure 54(d)(2)(B)'s filing deadline is tolled until the Commissioner of Social Security issues the notice of award and the attorney is notified of the same." *Meléndez v. Comm's of Soc. Sec.*, 18-1965 (MEL), 2021 WL 4485393, at 1-2 (citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019)). This approach of tolling the filing deadline until the notice of benefit awards is received by counsel for purposes of handling of attorney's fees requests pursuant to

Section 406(b) in Social Security cases is not at odds with District Court of Puerto Rico Local Rule 54(b), nor with proposed District of Puerto Rico Local Rule 9(d)(2) which provides that a "party seeking attorney's fees pursuant to 42 U.S.C. §406(b) shall have fourteen (14) days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees." 03-MC-115, ECF No. 63-1.

Although there has been some controversy as to when exactly Cruz received the notice of award in this case, I find satisfactory the explanations and evidence provided by Cruz that it was not until December 23, 2021 that he finally received the complete notice of award dated November 15, 2020 from the Commissioner of Social Security. ECF No. 36; 36-5. Despite of the fact that the fax cover sheet dated December 23, 2021 asserts that "[a] copy of this Award notice was previously mailed to your offices", Cruz has submitted evidence that indicates that on September 20, 2021 he only received by fax an incomplete copy of the notice of award in this case. ECF No. 36 at 2; 36-2; 36-3; 36-5 at 1. Hence, December 23, 2021 is the date that triggers the fourteen-day deadline for Cruz to file a motion for attorney's fees under Section 206(b)(1) of the Social Security Act, 42, U.S.C. § 406(b)(1). Accordingly, such petition was timely filed on January 5, 2022. ECF No. 32.

Cruz's petition for attorney's fees pursuant to Title 42, United States Code, Section 406(b)(1) is for the sum of $15,000.00. This amount does not exceed 25% of plaintiff's and his family's past-due Social Security benefits as specified in the notice of award. ECF No. 36-5. Nevertheless, Cruz's request for $15,000.00 in attorney's fees is excessive, particularly taking into account that in this case the Commissioner of Social Security filed a consent motion to remand (ECF No. 24), thus sparing plaintiff from having to file a detailed memorandum in support of the request to reverse the decision of the Commissioner of Social Security.

It is also noted that Cruz devoted 7.1 hours to this case, although his EAJA petition indicates 7.5 hours. ECF No. 27-1; ECF No. 32, at 2. Thus, the $15,000.00 request amounts to a *de facto* rate of somewhere between $2,000.00 and $2,112.67 per hour. Cruz attaches to his petition declarations from other attorneys and decisions from other courts regarding attorney's fees in Social Security cases. ECF Nos. 32-3 through 32-5. Each case, however, must be evaluated individually, taking into account multiple factors, and while it may be reasonable to fully award 25% of past-due Social Security benefits in attorney's fees in a particular case, that is not automatically always the case.

The *de facto* rate is not the only relevant factor to consider when evaluating Cruz's petition. For example, as the defendant acknowledges, there is no indication that counsel's conduct has been improper or that his representation was substandard. ECF No. 33 at 7. The fee agreement submitted by Cruz also provides for Section 406(b) fees up to 25% of the past-due benefits awarded. ECF No. 32-1. However, "[w]ithin the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" and not "inordinately large." *Gisbrecht v. Barnhart,* 535 U.S. 789, 805-807 (2002). Although here Cruz's petition is less than 25% of the awarded past-due Social Security benefits, the sum of $15,000.00 requested is not reasonable, not only because of the excessive *de facto rate*, but also because, among other matters, prior to the judgment entered by the court remanding this case to the Commissioner of Social Security, plaintiff's counsel did not have to write a single motion or pleading that exceeded two pages in length. ECF Nos. 1, 2, 3, 12, 18, 20, 22. Moreover, none of those succinct filings contain any legal analysis, some of them are repetitive (*e.g,* ECF Nos. 18, 20, 22), and others rely on boilerplate templates (*e.g,* ECF No. 1).

Therefore, Cruz's request for attorney's fees under Section 406(b) will be GRANTED IN PART AND DENIED IN PART. Attorney's fees under Section 406(b) are awarded for the sum

of $4,260.00. Cruz is ordered to, within seven days of receipt of the 406(b) fees, refund plaintiff Sonia I. Torres the EAJA fees paid to him pursuant to EAJA.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 10th day of February, 2022.

s/Marcos E. López<br>
U.S. Magistrate Judge